IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRIAN SHAUGHNESSY and ERIC PARR, | ) ) ) | CV. NO. 09-00004 HG-LEK |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| TLLC, LLC, dba Club Misty, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND**
**DENY IN PART PLAINTIFFS' MOTION FOR JUDGMENT BY DEFAULT**

Before the Court is Plaintiffs Brian Shaughnessy and Eric Parr's (collectively "Plaintiffs") Motion for Judgment by Default ("Motion"), filed on March 9, 2009. Defendant TLLC, LLC, doing business as Club Misty ("Defendant") has not responded to the Motion or otherwise appeared in this case. This matter came on for hearing on April 13, 2009. Appearing on behalf of Plaintiffs was Lunsford Phillips, Esq. After careful consideration of the Motion and the relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS that Plaintiffs' Motion be GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

**BACKGROUND**

Plaintiffs filed the Complaint in the instant action on January 5, 2009. The Complaint alleges that Defendant operates one or more places of public accommodation, including a cocktail

lounge on Kona Street in Honolulu ("the Establishment"), that is or are in violation of the Americans with Disabilities Act ("ADA") and the parallel state law. The Complaint also states that Plaintiffs are disabled persons who, as past and future patrons of Defendant, have been or are about to be subjected to unlawful discrimination.

Plaintiffs state that Mr. Parr sued Defendant for similar violations in Parr v. TLLC, LLC, CV 06-00500 DAE-LEK ("CV 06-00500"), and obtained a default judgment. The district judge granted a permanent injunction against Defendant requiring Defendant to remove identified barriers to accessability within ninety days. The district judge also ordered Defendant to pay Mr. Parr $2,657.00 in attorney's fees and costs. Defendant has done neither.

The instant Complaint seeks: a permanent injunction requiring Defendant to fully comply with the ADA within ninety days; $1,000 in monetary damages for each plaintiff as provided by Hawaii Revised Statutes § 347-13.5; past and present litigation costs, including attorney's fees; and retention of jurisdiction for 120 days to ensure compliance.

Plaintiffs served Defendant with the Complaint on February 2, 2009, but Defendant failed to answer. Plaintiffs obtained an entry of default on February 27, 2009. The instant Motion seeks the relief requested in the Complaint.

Plaintiffs seek compensation for 11.3 hours that counsel expended on the case up to the hearing on the Motion, including an estimated 0.6 hours at the hearing. Counsel's hourly rate is $275 per hour. Plaintiffs therefore seek $3,254.17 in attorney's fees, including 4.72% general excise tax. They also seek the following costs: filing fee with one certified copy - $359; service fee - $34.56. In addition, Plaintiffs seek payment of the $2,657.00 judgment that Mr. Parr obtained in CV 06-00500. [Motion, Exh. A (itemization of hours) & Exh. B (itemization of amounts sought).]

## DISCUSSION

### I. Plaintiff Parr

In a declaration in support of the Motion, Plaintiffs' counsel states that Mr. Shaughnessy retained him after being unable to patronize the Establishment because it was not wheelchair accessible. After counsel conducted some investigation, Mr. Shaughnessy directed him to file suit against Defendant. Counsel first contacted Mr. Parr and confirmed that Mr. Parr wanted to pursue the unsatisfied judgment in CV 06-00500. Counsel therefore filed the Complaint in the instant action. [Motion, Decl. of Lunsford Dole Phillips at ¶ 2.]

Based on counsel's declaration, it does not appear that Mr. Parr attempted to patronize the Establishment and suffered discrimination since the entry of judgment in CV 06-00500. The

record in the instant case contains no evidence that Mr. Parr has suffered any harm other than the harm alleged in CV 06-00500.  To the extent that the judgment in CV 06-00500 remains unsatisfied, the instant action is not the proper venue to enforce the judgment.  This Court therefore RECOMMENDS that the district judge DENY the Motion as to Mr. Parr.

The Court now turns to the merits of the Motion as to Mr. Shaughnessy.

## II.  **Default Judgment**

"'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'"  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  A plaintiff who obtains an entry of default, however, is not entitled to default judgment as a matter of right.  See Warner Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004).  Default judgments are disfavored; cases should be decided on the merits if possible.  See In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993).  Thus, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment."  VonGrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

In determining whether to grant default judgment, a court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of the plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts,
> (6) whether the default was due to excusable neglect, and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Warner Bros., 346 F. Supp. 2d at 1071-72 (quoting Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

Mr. Shaughnessy has diligently litigated this case and he will be prejudiced if the entry of judgment is delayed. The Court also finds that the Complaint sufficiently alleges that Mr. Shaughnessy was harmed by Defendant's violations of the ADA and the parallel state statute. Further, in light of the fact that Defendant has made no appearance in this case, there is no possibility of a dispute over the material facts and there is no indication that the default was due to excusable neglect. This Court therefore finds that factors (1), (2), (3), (5), and (6) weigh in favor of granting the Motion as to Mr. Shaughnessy.

Mr. Shaughnessy seeks $1,000.00 in statutory damages pursuant to Hawaii Revised Statutes § 347-13.5. Thus, the amount of money at stake is small and factor (4) is neutral. The only favor that weighs against granting the Motion is the strong

policy favoring decisions on the merits.  Having considered all of the relevant factors, this Court FINDS that Mr. Shaughnessy is entitled to default judgment in this case.

### III. Injunctive Relief

Mr. Shaughnessy seeks a permanent injunction requiring Defendant to fully comply with the ADA within ninety days.  Under the ADA, discrimination includes:

> a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, . . . where such removal is readily achievable[.]

42 U.S.C. § 12182(b)(2)(A)(iv).  The ADA provides that, "[i]n the case of violations of sections 12182(b)(2)(A)(iv) . . . , injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter."  42 U.S.C. § 12188(a)(2).  The Complaint alleges that Defendant has "failed to eliminate readily achievable architectural barriers to equal accessibility, including but not limited to no accessible seating, route, or restroom." [Complaint at ¶ 5.]

Default judgment may be entered "without a hearing on damages when the amount claimed is capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."  <u>Taylor Made Golf Co. v. Carsten Sports, Ltd.</u>, 175 F.R.D. 658, 661 (S.D. Cal. 1997) (citing <u>Dundee Cement</u>

Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)).  To the extent that Mr. Shaughnessy alleges Defendant failed to eliminate other readily achievable architectural barriers which are not identified in the Complaint, this Court cannot ascertain what these other barriers are based on the record in this case.  This Court therefore RECOMMENDS that Plaintiffs' request for an injunction requiring Defendant to remove the barriers to accessibility at the Establishment be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge GRANT Mr. Shaughnessy's request for a permanent injunction requiring Defendant to remove the readily achievable architectural barriers to accessible seating, route and restroom within ninety days of the entry of judgment in this case.  The Court RECOMMENDS that the district judge DENY Mr. Shaughnessy's request for a permanent injunction in all other respects.  If Mr. Shaughnessy wishes to pursue a permanent injunction for other barriers not specifically identified in the Complaint, this Court recommends that he be required to present evidence of such barriers in an evidentiary hearing.

**IV.   Statutory Damages**

> Under Hawaii law,
>
> The blind, visually handicapped, and otherwise physically disabled are entitled to full and equal accommodations, advantages, facilities, and privileges of all . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited,

>>subject only to the conditions and limitations established by law and applicable alike to all persons.

Haw. Rev. Stat. § 347-13(a). Haw. Rev. Stat. § 347-13.5 provides, in pertinent part: "Any person injured by a violation of section 347-13 may bring a civil action to recover three times the person's actual damages or $1,000, whichever sum is greater, for each violation. . . ." Mr. Shaughnessy has established that Defendant violated § 347-13(a) and this Court FINDS that he is entitled to $1,000.00 in statutory damages pursuant to § 347-13.5. This Court therefore RECOMMENDS that the district judge GRANT the Motion as to Mr. Shaughnessy's request for $1,000.00 in statutory damages.

## V.   Litigation Expenses

Mr. Shaughnessy also seeks an award of his litigation expenses, including reasonable attorney's fees and costs. A court, in its discretion, may award reasonable attorney's fees, litigation expenses, and costs to the prevailing party in an action commenced under the ADA. See 42 U.S.C. § 12205.

### A.   Attorney's Fees

Under federal law, reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the

8

number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

> The factors the Ninth Circuit articulated in Kerr are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70. Factors one through five have been subsumed in the lodestar calculation. See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is

9

presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Mr. Shaughnessy requests the following lodestar amount for work performed in connection with this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Lunsford Dole Phillips | 11.3 | $275 | $3,107.50 |
| | Hawaii General Excise Tax 4.72% | | $ 146.67 |
| | | TOTAL REQUESTED LODESTAR | $3,254.17 |

[Exhs. A & B to Motion.]  Mr. Phillips was admitted to the Hawaii bar in 1987.

### 1.  **Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate

reflects prevailing community rates for similar services. <u>See</u> <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263 (9th Cir. 1987).

Although it is usually required that counsel submit additional evidence that the rate charged is reasonable, <u>see</u> <u>id.</u>, this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation. Based on this Court's knowledge of the prevailing rates in the community and Mr. Phillips' fee awards other similar cases,[1] this Court finds that the requested hourly rate of $275 is manifestly reasonable.

### 2.  **Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. <u>See</u> <u>Tirona v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. <u>See</u> <u>id.</u> at 637 (citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>, 815 F.2d 391, 404 (6th Cir. 1987)). A court has "discretion to 'trim fat' from, or

---

[1] This Court awarded Mr. Phillips $275 per hour in CV 06-00500, as well as in <u>Parr v. Thai Garden</u>, CV 06-00019 HG-LEK. This Court's recommendation in each of those cases was adopted by the district judge.

11

otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

### a. Clerical or Ministerial Tasks

The Court notes that clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate.  See, e.g., Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003).  This Court finds that a number of Mr. Phillips' entries are for clerical tasks, including transmitting documents and confirming that the Complaint and Summons were served.  The Court will therefore deduct 1.0 hour from Mr. Phillips' time.

### b. Hearing on the Motion

Mr. Phillips estimated that he would spend 0.6 hours attending the hearing on the instant Motion.  The hearing, however, only lasted one minute.  This Court will therefore deduct 0.5 hours from Mr. Phillips' time.

The Court notes that it would still make this deduction if Mr. Phillips intended to include his travel to and from the hearing in the 0.6 hours.  This Court does not award attorney travel time from an attorney's office to the courthouse, unless

the attorney performed legal services while in transit.  <u>See</u>, <u>e.g.</u>, <u>Kajitani v. Downey Savings & Loan Ass'n</u>, CV 07-00398 SOM-LEK, Order Awarding Attorney's Fees and Costs at 6-7 (April 1, 2008).  Such time should be subsumed within the attorney's fee charged for the appearance.  There is no indication that Mr. Phillips performed legal services while in transit to and from the hearing on the instant Motion.

### c. **Time Attributable to Mr. Parr**

Insofar as this Court has found that Mr. Parr is not entitled to default judgment in this case, this Court finds that Mr. Shaughnessy cannot recover attorney's fees for work that Mr. Phillips did which is attributable solely to Mr. Parr.  The Court will therefore deduct 0.9 hours for Mr. Phillips' conference with Mr. Parr.

Where Mr. Phillips' work was attributable to the case as a whole, such as drafting of the Complaint or the instant Motion, such time is compensable in its entirety because Mr. Phillips would have incurred such time even if Mr. Parr was not a plaintiff in this action.  Mr. Phillips billed a total of 2.4 hours for separate communications with Mr. Parr and Mr. Shaughnessy.  Mr. Phillips, however, does not specify how much of that time was spent with each plaintiff.  This Court finds that one-half of that time is a reasonable apportionment between the two plaintiffs.  This Court will therefore deduct 1.2

hours from Mr. Phillips' time and finds that a total of 2.1 hours of Mr. Phillips' time is attributable to work done on Mr. Parr's case.

The Court finds that the remainder of Mr. Phillips' time request is manifestly reasonable.

### 3. **Total Award**

Based on the foregoing, this Court finds that Mr. Shaughnessy has established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Lunsford Dole Phillips | 7.7 | $275 | $2,117.50 |
| | Hawaii General Excise Tax 4.72% | | $ 99.95 |
| | | TOTAL LODESTAR | $2,217.45 |

The Court finds it unnecessary to adjust the lodestar amount based on the Kerr factors. The Court therefore RECOMMENDS that Mr. Shaughnessy's request for attorney's fees be GRANTED IN PART AND DENIED IN PART and that the district judge award Mr. Shaughnessy $2,217.45 in attorney's fees incurred to date.

### B. **Costs**

Mr. Shaughnessy also requests the following litigation costs:

| | |
|---|---|
| Filing fee (with 1 certified copy) | $359.00 |
| Service fee | $ 34.56 |
| TOTAL | $393.56 |

14

[Exh. B to Motion.]  The Court finds these costs to be manifestly reasonable and necessarily incurred in the pursuit of this action.  The Court therefore RECOMMENDS that the district judge GRANT Mr. Shaughnessy's request for costs in full.

## **CONCLUSION**

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Plaintiffs' Motion for Judgment by Default, filed March 9, 2009, be DENIED as to Plaintiff Eric Parr and GRANTED IN PART AND DENIED IN PART as to Plaintiff Brian Shaughnessy.  The Court RECOMMENDS that the district judge:

1) GRANT Mr. Shaughnessy's request for a permanent injunction requiring Defendant to remove the readily achievable architectural barriers to accessible seating, route and restroom within ninety days of the entry of judgment in this case;

2) GRANT Mr. Shaughnessy's request for statutory damages in the amount of $1,000.00; and

3) GRANT Mr. Shaughnessy's request for attorney's fees and costs IN PART AND DENY IT PART, and award Mr. Shaughnessy $2,217.45 in attorney's fees and $393.56 in costs incurred to date.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, April 17, 2009.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**BRIAN SHAUGHNESSY AND ERIC PARR V. TLLC, LLC, dba Club Misty; CIVIL NO. 09-00004 HG-LEK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR JUDGMENT BY DEFAULT**